FILED

2012 JUL 26 PM 1:27

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY_____

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

June 2011 Grand Jury

CR12-0712

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>              v.<br><br>WON SUK LEE and<br>EDDIE CHOI,<br><br>                    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CR _____<br><br>I N D I C T M E N T<br><br>[18 U.S.C. § 1347: Health Care<br>Fraud; 18 U.S.C. § 2: Aiding<br>and Abetting and Causing an<br>Act to be Done] |

The Grand Jury charges:

                    COUNTS ONE THROUGH SIX

                    [18 U.S.C. § 1347]

A.    INTRODUCTORY ALLEGATIONS

     At all times relevant to this Indictment:

     The Defendants

     1.   Defendant WON SUK LEE ("defendant LEE"), an

acupuncturist, was not a physician, physical therapist ("PT"), or

PT assistant licensed to practice in California.

     2.   Defendant LEE owned and operated Won Suk Lee

Acupuncture & Herb, Inc. ("Huntington Park Acupuncture Clinic"),

1  a business located at 2677 Zoe Avenue, Suites 107 and 120, in
2  Huntington Park, California.

3      3.    Beginning on or about a date no later than December 15,
4  2010, defendant LEE also owned and operated Variety Choice, Inc.
5  ("Variety Choice"), a business located at 2677 Zoe Avenue, Suite
6  120, in Huntington Park, California.

7      4.    Defendant EDDIE CHOI ("defendant CHOI") was a PT
8  licensed to practice in California and an enrolled Medicare
9  provider.

10      5.    Beginning on or about January 1, 2006, and continuing
11 until at least on or about July 26, 2012, defendant CHOI was the
12 Chief Executive Officer for California Neuro-Rehabilitation
13 Institute, Inc. ("CNR"), a physical therapy clinic located at 520
14 S. Virgil Avenue, Suite 401, in Los Angeles, California.

15      6.    CNR was enrolled as a Medicare provider as a physical
16 therapy group.

17      7.    Between in or about May 2008 and continuing until at
18 least in or about March 2011, Medicare paid CNR on claims CNR
19 submitted for physical therapy services allegedly provided
20 through CNR by electronic funds transferred into CNR's Bank of
21 America bank account (account number ending 2294) (the "CNR Bank
22 Account"). Defendant CHOI was a signatory on the CNR Bank
23 Account.

24      The Medicare Program

25      8.    Medicare was a federal health care benefit program,
26 affecting commerce, that provided benefits to individuals who
27 were over the age of 65 or disabled. Medicare was administered
28 by the Centers for Medicare and Medicaid Services ("CMS"), a

2

1  federal agency under the United States Department of Health and
2  Human Services ("HHS").

3        9.    Individuals who qualified for Medicare benefits were
4  referred to as Medicare "beneficiaries."   Each Medicare
5  beneficiary was given a Health Identification Card containing a
6  unique Identification number ("HICN").

7        10.   Health care providers, including PTs and physical
8  therapy group practices, who provided medical services that were
9  reimbursed by Medicare were referred to as Medicare "providers."

10       11.   Medicare had various parts relating to the nature of
11  the services rendered to beneficiaries.   Medicare Part B covered
12  the cost of physical therapy services.

13       12.   To obtain reimbursement from Medicare, a PT or physical
14  therapy group first had to apply for and obtain a provider
15  number.   By signing the provider application, the PT or physical
16  therapy group agreed to (a) abide by Medicare rules and
17  regulations; and (b) not submit claims to Medicare knowing they
18  were false or fraudulent or with deliberate ignorance or reckless
19  disregard of their truth or falsity.

20       13.   If Medicare approved a provider's application, Medicare
21  assigned the provider a Medicare provider number, which enabled
22  the provider to submit claims to Medicare for services rendered
23  to Medicare beneficiaries.

24       14.   Palmetto GBA ("Palmetto") processed and paid Medicare
25  Part B claims in Southern California.

26       15.   Medicare reimbursed providers only for services that
27  were medically necessary to the treatment of a beneficiary's
28  illness or injury, were prescribed by a beneficiary's physician,

3

1  and were provided in accordance with Medicare regulations and
2  guidelines that governed whether a particular item or service
3  would be reimbursed by Medicare.

4      16.  Medicare required that physical therapy services be
5  performed by (a) a physician, (b) a PT, or (c) a PT assistant
6  acting under the direct supervision of a physician or a PT.
7  "Direct supervision" meant that the doctor or PT was physically
8  present in the same office suite and immediately available to
9  provide assistance and direction throughout the time the PT
10 assistant was performing physical therapy services.  Therapy
11 services provided by aides or physical therapy students were not
12 reimbursable by Medicare, regardless of the level of supervision.

13     17.  Medicare did not cover acupuncture or reimburse
14 providers for acupuncture services.  Medicare did not cover
15 massages unless they were therapeutic massages provided by a
16 licensed therapist as a part of a beneficiary's plan of care.

17     18.  To bill Medicare for services provided to a
18 beneficiary, a PT or physical therapy group was required to
19 submit a claim to Palmetto.  Medicare required claims to be
20 truthful, complete, and not misleading.  In addition, when a
21 claim was submitted, the PT or physical therapy group was
22 required to certify that the services covered by the claim were
23 medically necessary.

24     19.  Medicare required a claim for Medicare reimbursement of
25 physical therapy services to set forth, among other things, the
26 beneficiary's name and HICN, the Current Procedural Terminology
27 ("CPT") code for the service provided to the beneficiary, the
28 date the service was provided, the location where the service was

4

1  provided, and the name and national provider identifier ("NPI")
2  of the PT who performed the service.
3  B.    THE SCHEME TO DEFRAUD
4       20.   Beginning in or about August 2009, and continuing until
5  on or about November 22, 2011, in Los Angeles County, within the
6  Central District of California, and elsewhere, defendants LEE and
7  CHOI, together with others known and unknown to the Grand Jury,
8  knowingly, willfully, and with intent to defraud, executed a
9  scheme and artifice: (a) to defraud a health care benefit
10 program, namely Medicare, as to material matters in connection
11 with the delivery of and payment for health care benefits, items,
12 and services; and (b) to obtain money from Medicare by means of
13 material false and fraudulent pretenses and representations and
14 the concealment of material facts in connection with the delivery
15 of and payment for health care benefits, items, and services.
16      21.   The fraudulent scheme operated, in substance, in the
17 following manner:
18           a.    Between in or about August 2009, and continuing
19 through in or about February 2011, Medicare beneficiaries
20 received services at the Huntington Park Acupuncture Clinic that
21 were not covered by Medicare, including acupuncture and massage,
22 from defendant LEE and others working at defendant LEE's
23 instruction who were not physicians, PTs, or PT assistants.
24           b.    Defendant LEE provided and willfully caused to be
25 provided copies of the beneficiaries' Medicare Health
26 Identification Cards, HICNs, and other personal and medical
27 information to employees at CNR, knowing and intending that CNR's
28 owner, defendant CHOI, together with others known and unknown to

the Grand Jury, would use and cause that information to be used to submit false claims to Medicare for Medicare-covered services such as physical therapy.

c.    Using the information defendant LEE provided, defendant CHOI submitted and willfully caused to be submitted, and aided and abetted in the submission of, false claims to Medicare on CNR's behalf for physical therapy services purportedly provided to the beneficiaries by defendant CHOI or other PTs at CNR, even though defendant CHOI knew that the beneficiaries had not received any services at CNR or from himself or any other PT working at CNR.  Between on or about August 4, 2009, and continuing through on or about August 10, 2011, CNR submitted approximately $2,138,760 in claims to Medicare for the beneficiaries whose information defendant LEE provided.

d.    Defendant CHOI created and willfully caused to be created, and aided and abetted in the creation of, patient files for the beneficiaries that included false documentation for covered services allegedly provided to beneficiaries at CNR in order to support CNR's fraudulent claims for these services to Medicare.  As a part of this false documentation, defendant CHOI signed physical therapy evaluations, notes, and discharge forms for beneficiaries to whom he provided no services and for whom he was unaware whether any services had been provided.

e.    Between on or about August 14, 2009, and continuing through on or about November 22, 2011, Medicare paid CNR approximately $1,284,387 for these fraudulent claims by electronic funds transfers made into the CNR Bank Account, for

1 │ which defendant CHOI had signatory authority.

2 │       f.    From the Medicare claim reimbursements, defendant
3 │ CHOI, together with others known and unknown to the Grand Jury,
4 │ wrote checks from the CNR Bank Account to defendant LEE through
5 │ the Huntington Park Acupuncture Clinic and Variety Choice.  The
6 │ checks were for amounts representing approximately 60% of the
7 │ Medicare reimbursement amount CNR received and were deposited
8 │ into the Huntington Park Acupuncture Clinic's Bank of America
9 │ bank account (account number ending 4661) and the JPMorgan Chase
10 │ bank account for Variety Choice (account number ending 3643).

11 │ C.    EXECUTION OF THE SCHEME TO DEFRAUD

12 │     22.  On or about the following dates, in Los Angeles County,
13 │ within the Central District of California, and elsewhere,
14 │ defendants LEE and CHOI, together with others known and unknown
15 │ to the Grand Jury, for the purpose of executing the scheme to
16 │ defraud described above, knowingly and willfully submitted and
17 │ caused to be submitted, and aided and abetted in the submission
18 │ of, the following false and fraudulent claims to Medicare:

| Count | Claim Number | Approx. Date Submitted | Amount Paid | Beneficiary | CPT Code and Nature of Claim |
|-------|--------------|------------------------|-------------|-------------|------------------------------|
| ONE | 55110933 8397660 | 12/4/2009 | $157.56 | A.D. | 97001 (Physical therapy evaluation), 97110 (Therapeutic procedure), 97140 (Manual therapy techniques) |

| Count | Claim Number | Approx. Date Submitted | Amount Paid | Beneficiary | CPT Code and Nature of Claim |
|-------|--------------|------------------------|-------------|-------------|------------------------------|
| TWO | 55110935 0459570 | 12/16/2009 | $95.97 | A.D. | 97110 (Therapeutic procedure), 97140 (Manual therapy techniques) |
| THREE | 55111013 7239790 | 5/17/2010 and 8/10/2011 | $227.46 | M.G. | 97110 (Therapeutic procedure), 97112 (Neuromuscular reeducation), 97140 (Manual therapy techniques) |
| FOUR | 55111013 7239750 | 5/17/2010 | $98.37 | M.G. | 97110 (Therapeutic procedure), 97140 (Manual therapy techniques) |
| FIVE | 55181029 1537390 | 10/16/2010 | $164.35 | M.F. | 97001 (Physical therapy evaluation), 97110 (Therapeutic procedure), 97140 (Manual therapy techniques) |

| Count | Claim Number | Approx. Date Submitted | Amount Paid | Beneficiary | CPT Code and Nature of Claim |
|-------|--------------|------------------------|-------------|-------------|------------------------------|
| SIX | 55111031 5586690 | 11/11/10 | $103.31 | M.F. | 97110 (Therapeutic procedure), 97112 (Neuromuscular reeducation), 97140 (Manual therapy techniques) |

A TRUE BILL

/s/
_____
Foreperson

ANDRÉ BIROTTE JR.
United States Attorney

ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division

RICHARD ROBINSON
Assistant United States Attorney
Chief, Major Frauds Section

CONSUELO S. WOODHEAD
Assistant United States Attorney
Deputy Chief, Major Frauds Section

KRISTEN A. WILLIAMS
Assistant United States Attorney
Major Frauds Section