O

CLOSED

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. CR 12-00712 DDP |
| | ) | |
| Plaintiff, | ) | **ORDER DENYING DEFENDANT'S RULE 36** |
| | ) | **MOTION** |
| v. | ) | |
| | ) | [Dkt. No. 95] |
| | ) | |
| EDDIE CHOI (2), | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

Defendant moves for correction of the court's judgment and commitment order pursuant to Rule 36, which allows the Court to "correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36. Defendant argues that the order is ambiguous and should be amended to provide the Bureau of Prisons ("BOP") with accurate guidance. (Dkt. No. 95.)

cc: BOP & USM

1    The judgment and commitment order provides for 12 months of

2  residence at a residential re-entry center ("RRC") after the

3  termination of Defendant's prison sentence.  According to

4  Defendant's motion, 12 months is the maximum amount of time one can

5  live at an RRC under BOP policy.  (Mot. at 3.)  The federal statute

6  governing release of prisoners states that:

7        The Director of the Bureau of Prisons shall, to the extent

8        practicable, ensure that a prisoner serving a term of

9        imprisonment spends a portion of the final months of that term

10       (not to exceed 12 months), under conditions that will afford

11       that prisoner a reasonable opportunity to adjust to and

12       prepare for the reentry of that prisoner into the community.

13       Such conditions may include a community correctional facility.

14  18 U.S.C. § 3624(c)(1).

15    Defendant alleges that because he will be required to reside

16  at the RRC for 12 months after release, the BOP refuses to put him

17  in an RRC for the pre-release period.  He contends that this means

18  the BOP has interpreted the Court's order "as impliedly denying

19  defendant his rights under 18 U.S.C. § 3624(c)."  (Mot. at 3.)  Any

20  such interpretation would, of course, be incorrect; the judgment

21  and commitment order does not and cannot abridge Defendant's

22  statutory rights.

23    However, Defendant does not have a statutory right to be

24  housed at an RRC under the statute's pre-release custody provision.

25  Section 3624(c)(1) does not create a right to any particular form

26  of pre-release custody, and the BOP has very broad discretion to

27  implement § 3624(c)(1) as it sees fit.  The plain language of the

28  statute limits the pre-release custody mandate to "practicable"

methods.  The statute also does not prescribe any particular form of pre-release custody, but merely says that it should "afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community."  Residence at an RRC is not, by any means, the only acceptable form of pre-release custody.[1]  Finally, Congress has evinced an intent to give the BOP more than the usual measure of discretion in carrying out the imprisonment and release provisions of the law.[2]

Thus, if the BOP determines that placing Defendant in an RRC for pre-release custody is not practicable, because of whatever practical considerations undergird the alleged 12-month policy, it is not a violation of § 3624(c)(1).

///

///

///

[1]Numerous courts have so held.  See, e.g., United States v. Franco, No. CR 92-00879-JGD, 2009 WL 482305, at *9 (C.D. Cal. Feb. 23, 2009); Veloria v. McGrew, No. CIV.0800288SOM/KSC, 2008 WL 2736033, at *3 (D. Haw. July 11, 2008); Lizarraga-Lopez, 89 F. Supp. 2d at 1169; Lyle v. Sivley, 805 F.Supp. 755, 760 (D.Ariz.1992); United States v. Mizerka, No. CR. 90-306-FR, 1992 WL 176162, at *2 (D. Or. July 16, 1992).

[2]See Lizarraga-Lopez v. United States, 89 F. Supp. 2d 1166, 1169 (S.D. Cal. 2000) ("[T]he Bureau of Prisons has been granted vast discretion by statute to determine the appropriate conditions under which a prisoner shall serve his or her sentence.") (citing 18 U.S.C. § 3621(b)); 18 U.S.C. § 3625 (judicial review under the Administrative Procedures Act does not apply to 18 U.S.C. §§ 3621-3624).

1    The judgment and commitment order does not contain a clerical

2  error.  Nor, for reasons discussed above, does it contain any

3  ambiguity that would infringe on, or authorize the BOP to infringe

4  on, any statutory right of Defendant's.  The motion is therefore

5  DENIED.

6

7

8

9

10  IT IS SO ORDERED.

11

12

13  Dated: August 5, 2015

14                                           DEAN D. PREGERSON
                                             United States District Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28